**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jermaine Jordan, ) | No. CV-11-2272-PHX-ROS (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan, et al., ) | |
| Defendant. ) | |

This case is before the Court on Defendant's Motion to Strike Plaintiff's Production of Evidentiary Documents, doc. 32, and Motion to Strike Plaintiff's Response to Defendant Moore's Dismissal of this Case, doc. 33. (Doc. 35) Also pending before the Court is Plaintiff's "Statue [sic] of Limitations (Tolled) in this Current Case." (Doc. 36)

Plaintiff, proceeding *pro se*, is an inmate in the custody of the Arizona Department of Corrections, who commenced this § 1983 action on November 18, 2011. (Doc. 1) He alleges Defendants Ryan, Moore, Morgan, and Chavez violated his Eighth Amendment rights. (*Id.*) In its February 8, 2012 Screening Order, the Court dismissed Defendants Ryan and Chavez and ordered Defendants Moore and Morgan to answer the Complaint. (Doc. 8) Plaintiff alleges that Defendants Moore and Morgan failed to protect him from being raped by his cellmate in August 2008. (Doc. 1 at 3-13)

1       Citing LRCiv 7.2(m) and Fed. R. Civ. P. 12(f), Defendant Moore[1] moves to strike two filings by Plaintiff: 1) Plaintiff's "Production of Evidentiary Documents," doc. 32, and 2) Plaintiff's Response to Defendant Moore['s] Dismissal of this Case, doc. 33. (Doc. 35) Defendant points out that Plaintiff attached approximately eleven (11) documents to his filing entitled Production of Evidentiary Documents, doc. 32, which Defendant argues is "nothing more than a refilling of the documents he attached to his Complaint" and Plaintiff's "Motion For (Just Cause) Added Documents In Regards to Exhausted Remedies," doc. 19. (*Id.* at 1) Defendant also requests dismissal of Plaintiff's Response to Defendant Moore['s] Dismissal of this Case, doc. 33, because it "is really a sur-reply" for which permission to file has not been authorized by the Court. (*Id.* at 2)

      The Court will grant Defendant's Motion to Strike regarding Plaintiff's filing entitled Production of Evidentiary Documents, doc. 32. Local Rule of Civil Procedure ("LRCiv") 7.2(m)(1) authorizes a motion is strike if it is otherwise authorized by statute or rule, such as, Rule 12(f), Fed.R.Civ.P. "or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Although Defendant filed the motion, in part, on Rule 12(f), Fed.R.Civ.P., Plaintiff's filings do not fall within the parameters of Rule 12(f). Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). That is not the situation here. Neither document filed by Plaintiff was a "pleading," but rather, were unauthorized *pro se* filings with the Clerk.  Federal Rule of Civil Procedure 7(a) specifically sets forth what documents are allowed and considered a "pleading," namely  "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a cross claim; (5) a third party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed.R.Civ.P. 7(a).  Plaintiff's filings do not

---

[1] Defendant Moore represents that as of July 25, 2012, Defendant Morgan has not been served. (Doc. 35 at 1, n. 1)

1 fall within any of these categories.

2 Although the Court is denying Defendant's Motion to Strike as insufficient under
3 Rule 12(f), the Court will grant the motion under LRCiv 7.2(m)(1) because Plaintiff's filings
4 are not authorized by a statute, rule, or prior court order.

5 *Pro se* Plaintiff is informed that Rule 5(d)(1) of the Federal Rules of Civil Procedure
6 provides that:

> [D]isclosures under Rule 26(a)(1) and (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

10 Plaintiff must not file evidentiary documents with the Clerk unless the documents are part
11 of a dispositive motion or upon the express prior approval of the Court. Rather, if the
12 documents are disclosures or responses to discovery, an attorney or *pro se* litigant simply
13 mails them directly to the opposing party and files a Notice of Service pursuant to LRCiv
14 5.2. If and when the documents need to be used in connection with a dispositive motion or
15 response, they are attached as exhibits to the motion or response. *See*, *e.g.*, LRCiv 56.1(a).
16 Therefore, the Court will strike Plaintiff's Production of Evidentiary Documents, doc. 32,
17 as an unauthorized filing.            With respect to the Motion to Strike Plaintiff's Response
18 to Defendant Moore['s] Dismissal of this case, the Court also agrees with Defendant.
19 Defendant filed a Motion to Dismiss on June 20, 2012. (Doc. 28)  Plaintiff filed his
20 Response on June 27, 2012. (Doc. 30) Defendant then filed a Reply on July 10, 2012. (Doc.
21 31)  On July 19, 2012, Plaintiff then filed an unauthorized sur-rely, but labeled it as
22 Response to the Motion to Dismiss.  (Doc. 33)

23 As discussed above and consistent with Rule 7(a), Fed.R.Civ.P., a motion, a response,
24 and a reply are appropriate pleadings filed to date in this case. There is no rule or prior court
25 order authorizing Plaintiff's Response to a Reply, doc. 33, also known as a sur-reply.
26 Plaintiff has already filed a Response to Defendant's Motion. Therefore, the Court will strike
27 Plaintiff's "Response to Defendant Moore['s] dismissal of this Case," doc. 33, as
28 unauthorized by the rules or this Court.

- 3 -

1    Finally, the Court will order Defendant to file a responsive pleading within 21 days
2 from the date of this Order regarding Plaintiff's "Statue [sic] of Limitations (Tolled) in this
3 Current Case." (Doc. 36) Plaintiff may then file a reply within 21 days after the response
4 is filed.

5    Accordingly,

6    **IT IS ORDERED** that Defendant's Motion to Strike, doc. 35, is **GRANTED** in part
7 and **DENIED** in part. The Motion is denied on the ground that Rule 12(f), Fed.R.Civ.P., is
8 inapplicable to Plaintiff's filings. It is granted, however, under LRCiv 7.2(m)(1) because
9 Plaintiff's filings are not authorized by a statute, rule, or prior court order.

10    **IT IS FURTHER ORDERED** that Plaintiff's Production of Evidentiary Documents,
11 doc. 32, and Plaintiff's Response to Defendant Moore['s] Dismissal of this Case, doc. 33,
12 are hereby **STRICKEN** as unauthorized filings.

13    **IT IS FURTHER ORDERED** that Defendant must file a response to Plaintiff's
14 Motion entitled "Statue [sic] of Limitations (Tolled) in this Current Case," doc. 36, within
15 21 days from the date Plaintiff filed said motion.

16    Dated this 31th day of July, 2012.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge